SAMUEL C. DAVIS & others *vs.* THE CHARLES RIVER BRANCH RAILROAD COMPANY.

To prove the value of land, evidence of what a witness had offered for other land on the opposite side of the street is not competent.

It is a question of law for the court and not of fact for the jury, whether an offer of a certain sum for land was by way of compromise, and, therefore, not competent testimony.

The trustee, and not the *cestui que trust,* is the proper person to petition for a jury to assess damages caused by taking the trust estate for a railway, and if the suit be brought by the *cestui que trust,* the respondents may deny the petitioner's title at the hearing before the jury.

The rule of damages laid down in *Meacham* v. *The Fitchburg Railroad Company,* 4 Cush. 291, affirmed.

AT the hearing before a sheriff's jury empanelled to assess damages to the petitioners by the location of the respondents' railroad, the presiding officer allowed Samuel A. Shurtleff, a witness called by the petitioners, to state what sum he offered for land nearly opposite the estate of the petitioners, for which damages were claimed, for the purpose of showing the value of the petitioners' land. The respondents excepted to the admission of this testimony.

M. S. Rice, Esq. a stockholder and director of the respondents, a witness for the petitioners, having testified to his having been one of a committee of the directors, with two others of the directors of the respondents, for the settlement of land claims, the petitioners proposed to inquire of the witness whether any, and if any, what offer by or in behalf of the respondents, had been made to the petitioners for a settlement with them, for damages or compensation for their land taken for the purpose of the road, and the respondents objected to such inquiry, and to any testimony being received in regard to such offer; the same being made for the sake of peace and by way of compromise, to induce parties to settle, and to avoid legal proceedings, and they insisted at least on first putting the inquiry, whether such offer, if any, were or were not made as by way of compromise, or in order to induce a settlement, or for the sake of peace. The petitioners' counsel said that the offer to the petitioners for compensation for their land taken by the respondents for their road,

he proposed to prove, was made by an authorized agent of the company, and was not by way of compromise or purchase of peace, and that he did not and should not contend that any offer or proposition made for settlement of the petitioners' land damages, by way of compromise or purchase of peace, should be considered as evidence in the case. The sheriff ruled that he could not determine whether or not the offer or proposition by the agent of the respondents to pay the petitioners for their damages by reason of the respondents taking a part of their land for their road, was or not made by way of compromise or purchase of peace, before he heard what it was; and he further ruled and directed the jury that no offer of settlement, or sum by way of compromise, or purchase of peace, was competent testimony for them to consider, and that they should disregard any testimony of that character; but he overruled the said objections and requests of the respondents, and permitted the proposed inquiries of the petitioners; to which the respondents excepted.

The petitioners offered as evidence of their title a copy of the will of Susanna Crafts, dated Nov. 3d, 1820, the eleventh clause of which was as follows: " And the remainder of all my real and personal estate, bonds, mortgages, notes, accounts and demands whatever, after deducting the aforesaid devises and bequests, and my funeral expenses and debts, which are to be paid by my executor, I give and devise as follows, viz: One third thereof to the children of my sister, Rebecca Davis, late of Roxbury aforesaid, their heirs and assigns, to be equally divided between them, and one third to my sister, Mary Clark, of said Brookline, her heirs and assigns, and the remaining third to John Robinson aforesaid, his heirs and assigns in trust, to permit and allow, Robert S. Davis, of said Brookline, my nephew, to receive, use, and enjoy the income, interest, and profits thereof, during his life; and if the said Robert should die, leaving his wife, then to permit and allow his said wife to enjoy the income, interest, and profits thereof, during her life, and immediately upon the death of my said nephew's wife, should she survive him, or in case the said Robert shall die after

the decease of his said wife, then the said Robinson and his heirs shall convey the said third part of my estate, in this article devised to him and his heirs, to the heirs of the said Robert, their heirs and assigns forever, to be divided among them equally."

The petitioners also introduced an extract of the division of the estate of said Susanna Crafts, made March 8th, 1821, by which the premises taken by the respondents for a railroad was set off to John Robinson, his heirs and assigns in trust, and also the following document signed by said John Robinson: " The undersigned, trustee, named in the will of Susanna Crafts late of Brookline, dated the third day of November, 1820, holding in trust certain land in Brookline aforesaid, in the county of Norfolk, for purposes named in the eleventh clause or item, in said will, situated on the westerly side of Cypress street, through which the Charles River Branch Railroad Company have located, and are now constructing their said railroad, hereby signify my assent to the assessment and award, of the damages done or caused to said land, by the jury, who are summoned on the petition of Samuel C. Davis, Robert S. Davis, Daniel H. Rogers, and Lucy S. D. Rogers, wife of said Daniel H. Rogers, in her right, Phinehas Stearns Davis, Lucy D. Comstock, under the age of twenty-one years, and Oliver G. Comstock, under the age of twenty-one years, acting by their guardian and next friend, Elijah Corey, and Elijah Corey and Lucy S. Corey, wife of said Elijah, in her right, and Moses Jones, to estimate said damages, and do hereby agree that all the proceedings, under said petition, shall have the same force and effect as if I had been originally a party to said petition, and that I shall be equally bound thereby.    Dated at Brookline, the fourteenth day of July, 1852.    John Robinson."

The respondents objected that it did not appear from said papers that the title to the premises was in the petitioners, and requested the sheriff so to instruct the jury, but he instructed them that they were to render their verdict for the damages to the whole land, irrespective of the title; that nothing was settled in this hearing as to the title, but they

were only to assess the damages caused by taking the land. and on the question of damages, the sheriff instructed the jury in the words of the opinion in *Meacham* v. *Fitchburg Railroad Company*, 4 Cush. 291. The respondents excepted to all the rulings aforesaid, and in the court of common pleas, where the verdict for the petitioners was returned, they moved that the same be set aside for alleged errors of the sheriff in matters of law; which motion being granted, the petitioners appealed.

*J. J. Clarke*, for the petitioners.

*S. F. Plimpton*, (*E. H. Derby* with him,) for the respondents.

THOMAS, J. This case, apparently complicated, is not so in fact. The points raised upon the exceptions to the rulings of the sheriff may be briefly disposed of.

1. The testimony of Samuel A. Shurtleff should not have been admitted. The mere offer made for land opposite the land of the petitioners was not competent evidence of value to affect the petitioners. The rule, admitting evidence of this character, is confined, and rightly, to actual sales, as acts done. The limitation is founded in obvious good sense.

2. Whether the testimony of M. S. Rice was competent evidence, was a question of law for the sheriff, and not of fact for the jury. It was for him to decide whether the offer was made by way of compromise or not, and to exclude or admit accordingly.

3. The legal title to the estate was in John Robinson, the trustee. He should have been the petitioner, and would have recovered the damages, to be disposed of under his trust. The petitioners have not a title upon which the verdict can rest.

4. It is said by the petitioners that the question of title was not open before the jury. The petitioners offered evidence of their title, and it was admitted. But it is very clear that the jury is to hear and to determine the question of title so far as respects the damages of the petitioner. See Rev. Sts. c. 39, §§ 56, 57 ; c. 24, § 32.

The rule of damages was correctly stated. It was that laid down in *Meacham* v. *Fitchburg Railroad Company*, 4 Cush. 291. We see no good reason to modify it.

*Verdict set aside, with costs for the respondents.*