HELENA POWER TRANSMISSION CO., RESPONDENT, v.
McLEAN, APPELLANT.

(No. 2,602.)

(Submitted February 17, 1909. Decided March 1, 1909.)

[99 Pac. 1061.]

*Eminent Domain—Erroneous and Conflicting Instructions—In-
direct Damage—Hearsay Evidence.*

Eminent Domain—Indirect Damage—Erroneous Instruction.
   1.   An instruction submitted to the jury in a condemnation proceeding,
   that in determining the damages resulting to the land remaining after
   the severance of the portion taken, they should consider "those elements
   of *damage,* and those only, that would be agreed upon as reasonable
   elements by a reasonable buyer and seller" willingly trading in the open
   market, was erroneous and so far meaningless that it could only oper-
   ate to confuse the jury, since there is no question of *damage* involved
   between parties trading in land in the open market.

Same.
   2.   Substituting the word "value" for the word "damage," referred to
   in the above paragraph, the instruction would be none the less objection-
   able, inasmuch as it substitutes the judgment of the intending buyer
   and seller trading in the open market for that of the jury upon the
   question what, if any, less value the remaining portion of the land has
   in its detached condition than it had as a portion of the entire tract.

Same—Correct Instruction.
   3.   An instruction to the jury in a suit in eminent domain that, in de-
   termining the amount which defendant could recover, they should take
   into consideration every element of value which would be considered if
   parties were negotiating a voluntary sale, as between one who wants to
   purchase but is not compelled to do so, and one who wants to sell but
   is not compelled to sell, correctly stated the law.

Conflicting Instructions—New Trial.
   4.   The giving of conflicting instructions, the one correct and the other
   incorrect, upon a material point, will necessitate a reversal of the judg-
   ment and the granting of a new trial.

Eminent Domain—Offers to Sell—Inadmissible Evidence.
   5.   It was error to instruct the jury in a suit to acquire land by the
   exercise of eminent domain, that what similar land had been offered
   for was legitimate evidence of the market value of the land.   What
   similar land may have been offered for by a person not a party to the
   suit is inadmissible, as hearsay.   The offer is not made under oath and
   the person making it is not subject to cross-examination.

*Appeal from District Court, Lewis and Clark County; J. M.
Clements, Judge.*

CONDEMNATION PROCEEDINGS by the Helena Power Transmis-
sion Company against Mary H. McLean.   From the judgment

of the district court on appeal from the commissioners' award, defendant appeals.   Reversed and remanded.

*Messrs. Galen & Mettler,* for Appellant.

*Mr. Wm. Wallace, Jr., Mr. John G. Brown,* and *Mr. R. F. Gaines,* for Respondent.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

The plaintiff seeks by the exercise of eminent domain to acquire certain lands belonging to defendant, McLean.   There was an appeal to the district court from the award of the commissioners.   The question of damages was tried to the court sitting with a jury.   Upon the verdict returned, a judgment was rendered and entered, from which judgment the defendant, McLean, appeals.

There are many assignments of error; but, with one or two exceptions, it will not be necessary to consider them separately. At the instance of plaintiff the court gave instructions 7 and 9, as follows:

"(7) What similar land has actually been offered or sold for is, of course, legitimate evidence upon the question of its market value and a legitimate basis for a decision as to the market value of the land."

"(9) On the question of indirect damage, while this is ordinarily more difficult of determination than the actual value of the land, nevertheless it is governed by the same rules.   All fanciful, exaggerated, and sentimental elements must be excluded.   The amount must be just compensation for actual indirect damage that will really ensue—nothing more.   You will consider those elements of damage, and those only, that would be agreed upon as reasonable elements by a reasonable buyer and seller, who were willingly trading in the open market; and on those elements you will confine yourselves to what you honestly believe the actual damage in money resulting therefrom will

be." And, at the request of defendant McLean, gave instruction 5, as follows:

"The court instructs you that, in determining the amount which the defendant in condemnation proceedings is entitled to recover, you should take into consideration every element of value which would be considered if parties were negotiating a voluntary sale, as between one who wants to purchase but is not compelled to purchase, and one who wants to sell but is not compelled to sell."

It is now insisted that instruction 9 is erroneous in any event, and that it is contradictory of instruction 5. In instruction 3 the court defined "indirect damage" as the detriment resulting to the portion of the land not taken by reason of its severance from the portion actually taken. In determining such detriment the court, in instruction 9, told the jury to consider those elements of damage, and those only, that would be agreed upon as reasonable elements by a reasonable buyer and seller, who are willingly trading in the open market. We confess our inability to understand the instruction, or to know therefrom what standard is sought to be established for the guidance of the jury. The common experience of mankind teaches that, when trading in land in the open market, there is not any question of damages presented at all. If it was meant by the instruction to say that the jury should confine themselves to those elements of value which would be agreed upon as reasonable by a reasonable buyer and seller in trading in the open market, the instructions could be understood, although it would be little less objectionable; but in its present form it is not only open to the charge that it is prejudicially erroneous, but it is so far meaningless that it could operate only to confound the jury.

The question now under consideration, which was before the jury for determination, is: What, if any, less value has the remaining portion of the land in its detached condition than it had as a portion of the entire tract? And this question is to be resolved by the application of the same rule for determining value as is applied in other cases. The solution of the ques-

tion does not depend upon an answer to the other inquiry, what elements of value would be agreed upon by a reasonable seller and buyer trading in the open market. It might be impossible to show what those elements are. An intending buyer might lay great stress upon one element of value, and the intending seller give that little or no consideration; and yet they might experience no difficulty whatever in reaching a mutually agreeable purchase price. In fact, they might never agree upon the particular elements of value, and still agree upon a sale. The instruction literally substitutes for the judgment of the jury the judgment of others. It is the province of the jury to consider the evidence touching every element of value which men, voluntarily trading in the open market, would consider. Instruction 5, above, correctly states the law. The two instructions are essentially contradictory, and that, too, upon a question which was paramount in the trial of this case. As we cannot say by which one of the two the jury were controlled, a new trial must be ordered. In *Sullivan* v. *Metropolitan Life Ins. Co.*, 35 Mont. 1, 88 Pac. 401, this court quoted with approval from *State* v. *Peel*, 23 Mont. 358, 75 Am. St. Rep. 529, 59 Pac. 169, the following: "Wherever instructions are upon a material point, the one correct and the other incorrect, this court will not presume that the jury followed the correct instruction, but will reverse the judgment and order a new trial."

The question before this jury was about as simple as any ever presented in court; and the result in this instance is fairly illustrative of the danger attending the giving of a large number of instructions, where four or five plain statements of law would be ample. New trials are frequently ordered on account of conflicting and contradictory instructions, and in almost every instance, the result could have been avoided if the trial court had confined the instructions to the matters necessary for the information of the jury in rendering a verdict.

Since a new trial must be had, attention is directed to instruction 7, above. There are not any objections made to this part of the charge, but the error in this instruction is apparent.

What land has been offered for by one not a party to the suit is not a criterion of the market value, and the evidence of such offer is inadmissible for the very obvious reason that the offer is not made by one under oath and subject to cross-examination. An offer to sell stands upon precisely the same footing as an offer to purchase, and evidence of either is objectionable upon the ground stated. In *Yellowstone Park R. R. Co.* v. *Bridger Coal Co.*, 34 Mont. 545, 115 Am. St. Rep. 546, 87 Pac. 963, in speaking of an attempt to introduce evidence of an offer of this character, this court said: "The offer was an attempt to get before the jury hearsay declarations of third parties as to value not supported by oath, without the right of cross-examination by the defendants. The right mode of proving value is to take the sworn opinions of those who are shown to be competent to give opinions on the subject, and let them be cross-examined as to the foundation of their opinions, their means of knowledge, and the motives prompting them. Furthermore, the value of such evidence depends upon the determination of so many collateral issues that it cannot be relied on with safety.   *   *   *   The reception of evidence of private offers to sell or purchase stands upon an entirely different footing from evidence of actual sales between individuals or by public auction, and also upon a different footing from bids made at auction sales. (*Young* v. *Atwood,* 5 Hun (N. Y.), 234.)   The reception of this class of evidence would multiply the issues upon questions of damages to an extent not to be tolerated by courts aiming to practically administer justice between litigants. (*Keller* v. *Paine,* 34 Hun (N. Y.), 167.)"

We have examined the other specifications of error, but conclude that they are without merit.

The judgment is reversed, and a new trial ordered.

*Reversed and remanded.*

MR. CHIEF JUSTICE BRANTLY concurs.

MR. JUSTICE SMITH, being disqualified, takes no part in the foregoing decision.