105 P.2d 470

**BOARD OF COUNTY COM'RS OF ROOSEVELT COUNTY v. GOOD.**

No. 4528.

Supreme Court of New Mexico.

Sept. 3, 1940.

496

Mayes & Rowley, of Clovis, Keith W. Edwards, of Ft. Sumner, and J. D. Mell, of Santa Fe, for appellant.

J. C. Compton, of Portales, for appellee.

MABRY, Justice.

This appeal presents the question of whether the trial court correctly determined the measure of damages which should have been applied in certain condemnation proceedings. These proceedings were instituted by the county commissioners of Roosevelt county, seeking to condemn certain of appellant's lands for the purpose of securing rock, sand, gravel and caliche for use upon a public highway.

The cause was tried to a jury. The only attack is made upon the manner of appraising the property so taken from appellant. The evidence admitted was upon an acreage value basis, rather than upon the actual value of the materials taken from the land. Appellant contends that the principal product taken, caliche, has a value as a mineral for cattle feed when processed, as well as for road construction; that the value should have been determined as that of other property taken by condemnation—upon the basis of its market value—and that he should have been permitted to offer proof of such market value; and that the denial of this right and the instruction of the court, limiting proof of damages to the acreage value of the land from which the caliche was taken, was erroneous.

Appellee contends that the proper method of ascertaining the damages was employed, and that, in any event, appellant did not properly raise the issue of special value over and above the value of the land as such, and that, if, as appellant contends,

caliche is something with a special value as a mineral food, it is not subject to condemnation at all, and that the question not having been before raised, it is now too late.

The statute denying right of condemnation, to which appellee refers and which we shall hereinafter further notice, is Sec. 43-115, N.M.Comp.Stat.1929, which provides: "Nor shall any land be condemned for municipal purposes which may be shown by the owner or lessee thereof to have a content of *precious metal* sufficient to make said land of value as mineral producing property." (Italics ours.)

The complaint was in the ordinary form, and alleges that the rock, sand, gravel and caliche are needed for public road construction, and that plaintiff board desired to have the land condemned for the purpose of obtaining them. Commissioners were appointed, who viewed the land, and fixed the damages sustained at $300.

The court by the decree, entered after notice and upon hearing, approved the report and appraisal of the commissioners so appointed, and further provided by consent of all parties that the defendant shall "have the right to establish his damages and the value of said caliche rock which may be so mined and removed from his said land by the plaintiff" by the court, or, by a jury, if desired. Appeal was taken from commissioners' report and a trial to a jury had, which fixed the amount of damages at $120.

It is clear from the proceedings, that after issue was joined, the matter of sand and gravel was lost sight of and that the appellant attempted to litigate the matter upon the question of the value of the caliche rock taken from the land as he was entitled to do under the consent portion of the decree.

█ Appellee contended that the acreage value of the land was the proper measure by which the value of the rock taken therefrom should be fixed, while appellant claimed the measure of damages should be confined to the market value of the rock taken as directed by said decree. In this, appellant was correct.

█ It may be doubted whether appellant offered to produce very satisfactory proof as to such market value, as distinguished from the value of the land itself, but that would be a question for the jury. It would go to the weight and not to the admissibility of the evidence. He thinks the court improperly ruled upon his offers to prove such value, and likewise erroneously instructed the jury as to the method of fixing the damages.

It is clear that the court did not permit appellant to prove the feed value of the caliche. An offer was made by appellant to prove that the rock was of special value when ground and processed as mineral stock food, and that an analysis which he had secured from the State College at Las Cruces disclosed this rock had a commercial value as such mineral stock food

of more than a dollar per ton net to the owner of the land. An objection was made to this offer and the court sustained the objection with the observation: "It is purely speculative, objection sustained".

Appellant was clearly endeavoring to show value of the caliche rock taken, for other purposes than as road building material, and that such value for other purposes would be in excess of that value when considered only as ordinary road building clay. Counsel for appellant, in urging upon the court consideration of his position and claim that he should be allowed to show special value of the material, said: "In other words, it is true this was taken for highway purposes, but under the law we are still not prohibited from showing it had value for other purposes, and if the court will be good enough to reserve his decision upon that until we can present authority."

The court, over appellant's objection, eventually held to his ruling that such value could not be shown.

Appellee board in its answer brief would escape the error thus complained of on the theory (a) that such special damages were not pleaded; and, (b) in any event, that if caliche is thus valuable as mineral it is not subject to condemnation at all, and that appellant has therefore raised the question too late.

■ There is no merit in the contention that the issue of damages based on market value of property taken was not properly presented. The order and decree of the court approving the commissioners' report and appraisal and authorizing a trial upon the issue of damages by a jury, destroys all force of such contention. All parties understood that appellant was endeavoring to obtain, and was entitled to have, compensation for the caliche taken. The only difference of opinion was upon the question of what should be the proper basis for ascertaining the value.

Appellee is likewise without support in the law when he argues that section 43-115, N.M.Comp.Laws of 1929, supra, stands in the way of appellant's recovery.

■ It cannot be contended that caliche rock has a content of precious metal. Indeed it is not metal at all, but is, in the ordinary acceptation, a mineral simply, as is also sand, gravel and ordinary clay. "Mineral," in ordinary and common meaning, is a comprehensive term, including every description of stone and rock deposit, whether containing metallic or nonmetallic substances. Waugh v. Thompson Land & Coal Co., 103 W.Va. 567, 137 S.E. 895; Northern Pac. Ry. Co. v. Soderberg, C.C., 99 F. 506. We have the commonly known and elementary division of all substances into "animal", "vegetable" and "mineral". Rudd v. Hayden, 265 Ky. 495, 97 S.W.2d 35. For other definitions see Marvel v. Merritt, 116 U.S. 11, 6 S.Ct. 207, 29 L.Ed. 550. "* * * No one would

think of calling clay and lime metals * *". Meyer v. Arthur, 91 U.S. 570, 577, 23 L.Ed. 455. Caliche, such as is found and mined in this country, contains calcium carbonate like that found in ordinary limestone.

■■ Appellant had the right to have the jury hear the evidence and determine the actual market value of the caliche rock taken from his land, without reference to the value of the land itself. "The inquiry in such cases must be what is the property worth in the market, viewed not merely with reference to the uses to which it is at the time applied, but with reference to the uses to which it is plainly adapted; that is to say, what it is worth from its availability for valuable uses." Mississippi & Rum River Boom Co. v. Patterson, 98 U.S. 403, 408, 25 L.Ed. 206. See Tyson Creek R. Co. v. Empire Mill Co. et al., 31 Idaho 580, 174 P. 1004; 20 C.J. 769 et seq., par. 288; 18 Am.Jur. (Eminent Domain) Sec. 242–244; Ranck v. City of Cedar Rapids, 134 Iowa 563, 111 N.W. 1027; Louisville, N. O. & T. Railroad Co. v. Ryan, 64 Miss. 399, 8 So. 173; Cameron v. Chicago, M. & St. P. Ry., 51 Minn. 153, 53 N.W. 199.

For the reasons stated the cause will be reversed with instructions to grant a new trial and, it is so ordered.

BICKLEY, C. J., and BRICE, SADLER, and ZINN, JJ., concur.