

## BLACKBURN v. STATE.
### No. 22393.

Court of Criminal Appeals of Texas.
Feb. 10, 1943.

A. J. Thompson and R. A. McAlister, both of Nacogdoches, for appellants.

Collins, Williams & Garrison, of Lufkin, for appellees.

COMBS, Justice.

The appellees, Eugene Payne and Citizens State Bank of Woodville, brought this suit against appellants, J. E. and Clyde Stone, doing business as J. E. Stone Lumber Company, for the sum of $1,687.21, alleged to be due Payne for timber which he sold and delivered to J. E. Stone Lumber Company. There was no dispute as to the quantity of timber involved. The sole controversy was as to the value of the timber. Plaintiffs contended it was worth $12 per thousand feet, the defendants that it was worth considerably less. The case was submitted to the jury by the following issue:

"What do you find from a preponderance of the evidence to be the reasonable, fair cash market value per thousand feet of the timber in question at Dolan Switch?

"Answer the amount per thousand feet in dollars and cents."

In response to this issue, the jury answered $12 per thousand feet.

On the verdict, judgment was entered for the plaintiffs for $1,684.06. The defendants have appealed.

#### Opinion.

Appellants complain of the action of the trial court in permitting the plaintiff Payne to testify to an offer of purchase made by a third party. Payne, while testifying as a witness in his own behalf, was asked the following question by his counsel: "State whether or not you were offered $12 per thousand for the same timber that you delivered on the track that Mr. Stone bought from you?"

## STONE et al. v. PAYNE et al.
### No. 4105.

Court of Civil Appeals of Texas. Beaumont.
Oct. 28, 1942.

Counsel for the defendants objected on the ground, among others, "that it would be inadmissible to show the cash market value" and that it was "hearsay." The objection was overruled and the witness testified in substance that one F. P. Newman, a representative of Kurth of Lufkin, had offered him $12 per thousand feet for the timber.

The reception of this testimony was error. Evidence of an unaccepted offer to purchase, made by one not a party to the suit, was inadmissible. Stanley v. Sumerell, Tex.Civ.App., 163 S.W. 697, 700; Texas & P. Ry. Co. v. Randle, 18 Tex.Civ.App. 348, 44 S.W. 603; Sullivan v. Missouri, K. & T. Ry. Co., 29 Tex.Civ. App. 429, 68 S.W. 745, 748; McCormick & Ray, Evidence, Sec. 699. Such evidence is quite generally condemned by the courts. See 2nd and 3rd Decennial Digests, subject, Evidence, . Evidence of mere offers to sell or purchase, made by third parties, stands upon an entirely different footing from evidence of actual sales. Helena Power Transmission Co. v. McLean, 38 Mont. 388, 99 P. 1061. It would place before the jury hearsay declarations of third parties as to value not supported by oath, without the right of cross-examination by the adverse party as to the foundation of their opinions, their means of knowledge and the motives prompting their offer to purchase. Yellowstone Park R. Co. v. Bridger Coal Co., 34 Mont. 545, 87 P. 963, 115 Am.St.Rep. 546, 9 Ann.Cas. 470. If persons could prove the value of their lands in such manner, nothing would be easier than to prepare for the controversy by having offers made through friendly parties having no real purpose to buy. Vaulx v. Tennessee Central R. Co., 120 Tenn. 316, 108 S.W. 1142. But notwithstanding legal principles condemn it proof of an offer to purchase at a stated price is calculated to appeal to the lay mind as good evidence of value which fact renders it particularly harmful.

In the case before us we cannot say that reception of the testimony was harmless. The evidence as to the value of the timber in question was sharply conflicting. The plaintiffs' evidence tended to show that it was worth $12 per thousand or more, the defendants' that it was of inferior grade and worth considerably less. The jury fixed the value at $12, the amount which plaintiff Payne testified he had been offered for it. It is evident that such testimony may have, and probably did, influence the verdict.

It is not necessary to discuss the other assignments since they relate to procedural matters which probably will not occur on another trial. For the error above discussed the judgment is reversed and the case remanded for a new trial.