Argued September 9, reversed and remanded November 30, 1960

# STATE HIGHWAY COMMISSION *v.* MOREHOUSE HOLDING COMPANY

357 P. 2d 266

*J. Robert Patterson*, Assistant Attorney General, Milwaukie, argued the cause for appellant. With him on the brief were Robert Y. Thornton, Attorney General, Leonard I. Lindas and Charles Peterson, Assistant Attorneys General, Salem.

*Roscoe C. Nelson*, Portland, argued the cause for respondent. With him on the brief was C. Laird McKenna, Portland.

Before McALLISTER, Chief Justice, and ROSSMAN, PERRY, GOODWIN and KING, Justices.

ROSSMAN, J.

This is an appeal by the plaintiff, State of Oregon, through its Highway Commission, from a judgment of the circuit court which decreed that upon the payment by the state to the defendant of $25,100 together with interest, costs and attorney fees the real property which is the subject matter of this proceeding would be appropriated to the state. The latter sought the property for the improvement of a highway in Portland. The judgment was preceded by the return of a verdict in the defendant's favor.

The state (plaintiff) in appealing submits four assignments of error. Their essence is thus stated in the state's brief:

"The first question to be presented on this appeal is the court's alleged error in overruling the plaintiff's objection to the cross-examination of

plaintiff's witness, H. Stepp, as to the amount for which comparable property had been *offered* for sale. (tr 115-116)

"The second question presented is the alleged error of the court in sustaining the objection of the defendant to the attempt by plaintiff's witness, J. Holbrook, to break down and explain his opinion of the value of the defendant's remaining land on direct examination. (tr 143-144)

"The third error complained of by plaintiff is the failure of the court to give plaintiff's requested instruction No. XII, which referred to the future plans or intentions of the defendant for the development of its property. Exception was taken by the plaintiff to the court's failure to give the requested instruction. (tr 197)

"Lastly, error is complained of for the failure of the court to give plaintiff's requested instruction No. XIX, which referred to the change in the flow of traffic past the defendant's property. Exception was taken to the court's failure to give the requested instruction. (tr 197)"

The defendant owns a parcel of real property in Portland which consists of three-fourths of a block and which was improved in part with a warehouse and the defendant's retail store. Before the condemnation proceeding was instituted a disastrous fire destroyed the warehouse and a part of the retail establishment.

We will now consider the first assignment of error which presents the question as to whether the circuit court erred when it permitted one of plaintiff's witnesses, over plaintiff's objection, to state on cross examination that comparable property had been offered for sale at the price of $80,000.

■ Oregon and other jurisdictions have held that offers to buy or sell comparable property are not admissible in evidence to establish the value of the land

under condemnation. We take the following from *State of Oregon v. Cerruti*, 188 Or 103, 214 P2d 346:

"Over the objection of the plaintiff, the court received in evidence the testimony of the witness, B. A. Kliks, an owner of land in the vicinity of the land being condemned, that a real estate man had made him an offer of $1600.00 for an acre and a half of his land. The ruling is assigned as error. The assignment must be sustained. It is well settled in this and other jurisdictions that offers of sale and purchase of similar land in the vicinity are inadmissible, for the reason, among others, that such evidence places before the court or jury an absent person's declaration or opinion as to value, while depriving the adverse party of the benefit of cross-examination. *Portland & O. C. Ry. Co. v. Ladd Estate Co.*, 79 Or 517, 155 P. 1192; *Hine v. Manhattan R. Co.*, 132 N.Y. 477, 30 N.E. 985; *Davis v. The Charles River Branch Railroad Co.*, 65 Mass. 506; *Helena Power Transmission Co. v. McLean*, 38 Mont. 388, 99 P. 1061; *Blincoe v. Choctaw O. & W. R. Co.*, 16 Okla. 286, 83 P 903, 4 L.R.A. (N.S.) 890; 18 Am. Jur., Eminent Domain, 996 § 351; 2 Lewis on Eminent Domain, 1146, § 666. * * *"

Other cases have excluded offers to buy similar property. *Davis v. Charles River Branch Railroad Company*, 65 Mass 506, and Annotation, 7 ALR2d 781, 785. Assuming arguendo that an offer to buy is distinguishable from an offer to sell there is ample precedent to exclude an offer to sell similar property as evidence of the value of the property in suit. *Atlantic Coast Line R. Co. v. United States*, 132 F2d 959; *Metropolitan St. Ry. Co. v. Walsh*, 197 Mo. 392, 94 SW 860; *In re Housing Authority of City of Newark*, 126 NJL 60, 17 A2d 812; *Helena Power Transmission Co. v. McLean*, 38 Mont 388, 99 P 1061, and Annotation 7 ALR2d 781, 795.

The textbook writers favor the exclusion of evidence of the kind just described. Its inadmissibility is attributed partly to the fact that offers to buy or sell represent at the best the opinion of one party only, and partly to the difficulty of establishing their bona fide character. See Orgel, Valuation Under Eminent Domain, 2d ed, § 148. Nichols, Eminent Domain, 3rd ed, § 21.4 (3). Lewis, Eminent Domain, 3rd ed, § 666, states:

> "Nor is it competent to prove offers for adjacent and similar property, or the price at which the owners of such property have offered it for sale."

McCormick on Evidence, § 166, p 349, says:

> "For prices on other lands to be admitted, they must be sale prices, and not mere offers. These would often be of great significance, but the effort to determine their genuineness would lead to collateral disputes and waste of time at the trial. However, if one of the parties to the present action has himself offered to buy or sell the land in question, or other similar neighboring land, evidence of this offer may be offered against (not for) him as an admission."

We are satisfied that the first assignment of error possesses merit. We sustain it.

■ The second assignment of error is based, as we have seen, upon the trial judge's refusal to permit one of the state's expert witnesses to explain the manner in which he estimated the value of the part of defendant's property which it would retain after the state had taken the fraction under condemnation. The state's brief from which we will now copy gives the substance of the testimony excluded by this challenged ruling:

> "It can be seen from the testimony offered and rejected by the court that the plaintiff's expert,

Holbrook, proposed to explain his opinion of the 'after' value of the defendant's property by regarding the property as being split into three different quarter-block parcels. He was of the opinion that a quarter block in this area would sell for as much after the taking as before and that a quarter block would have the same value whether considered separately or as part of a block. In other words, the witness predicated his opinion upon a belief that there was no plottage or assembly value to quarter blocks here. The thrust of his testimony, if allowed, would have been that after the taking, Lots 3 and 4 could have been sold as a quarter block for exactly the same amount as their 'before' value when considered as part of the whole block, and this would also have been true as to Lots 7 and 8. In Holbrook's opinion, Lots 1 and 2, from which an easement was acquired in the taking, would have been worth one-half as much as before the taking and could have been sold for that amount to the owner of either of the remaining quarters, i.e., to the owner of the quarter block containing Lots 7 and 8 or to the owner of the quarter block containing Lots 3 and 4."

According to Nichols, Eminent Domain, 3rd ed, § 18.42(1):

"Although there is authority to support the proposition that an opinion witness, at least upon direct examination, need not state the reasons for his opinion, it is generally held that he should testify as to the facts which substantiate his conclusion and may explain the reasons for his opinion."

Wigmore on Evidence, 3rd ed, § 562, states:

"An expert witness, like any other witness, may be asked on the direct examination, or may be required, to state the *grounds of his opinion, i.e.* the general data which forms the basis of his judgment upon the specific data observed by him. This is merely an application of the general principle of the knowledge-qualification."

This court has recognized and employed the rule stated in those two authorities; see *L. B. Menefee Lumber Co. v. MacDonald et al*, 122 Or 579, 260 P 444 (paragraph 19). The defendant expresses fears that the question propounded to the expert would have drawn from him a basis for his opinion of a speculative character. It quotes the following from *State Highway Commission v. Deal*, 191 Or 661, 233 P2d 242:

> "An expert's estimate or guess as to how much nonexistent lots of a proposed subdivision will sell for is not, as we read the authorities, one of the circumstances thus to be taken into consideration * * *. The evidence is speculative, no matter under what guise it is offered, and is not to be received at all because of its tendency to mislead the jury."

See to like effect *State Highway Commission v. Bailey*, 212 Or 261, 319 P2d 906.

The property involved in this proceeding is situated in a business industrial part of the city of Portland. The expert, whose testimony is under analysis, did not propose to subdivide it in the manner envisioned by the owner in the Deal case. The owner proposed no change whatever for the property, but the witness desired to state that it could be sold as a whole or in parts. His testimony would not have imported into the case speculation or conjecture. He should have been permitted to give the basis of his opinion.

■ The third assignment of error complains because the trial judge did not instruct the jury:

> "I instruct you that in determining the fair cash market value of the property sought to be acquired, you are not to consider any intentions or plans that the defendant may have had for the future use or improvement of their property whatsoever."

We do not believe that that requested instruction is in harmony with *State Highway Commission v. Arnold et al*, 218 Or 43, 341 P2d 1089, 343 P2d 1113. The instructions upon the subject matter of value were well calculated to guide the jury. The third assignment of error discloses no occasion for reversal.

■ The fourth, being the last assignment of error, is based upon an instruction requested by the plaintiff but refused. Had it been given it would have told the jury in part:

"Therefore, in arriving at just compensation, you shall not consider what, if any, lessening of traffic over the existing highway by the defendant's remaining land may be caused by the construction or relocation of the main traveled highway over a new route."

In seeking to sustain the requested instruction the plaintiff's brief quotes from a part of the answer which alleges that the state, in rerouting the traffic, has caused such a large volume to move in front of the defendant's premises that:

"* * * motor vehicles can neither enter nor leave the portion of defendant's property not taken * * * and has thus destroyed substantially all access from or to defendant's property * * * no motor vehicles can be stopped along the curb in front of defendant's property * * *."

Thus, an instruction that would have been pertinent was not one that dealt with a lessening of traffic but one that would have dealt with an increased flow of traffic. The state's reply brief says:

"* * * it is contended no error occurred because the instruction requested used the word 'lessening' instead of 'increasing.' We admit the instruction would have been better had such a change been made. * * *"

In view of the discussion of the applicable principles of law that is set forth in the two sets of briefs, we do not believe that any trouble will occur in the framing of the instructions upon the retrail. This assignment of error affords no occasion for reversal.

We sustain assignments of error 1 and 2. The judgment of the circuit court is reversed and the cause remanded.