397 P.2d 463

STATE of Utah, by and through its ROAD COMMISSION, Plaintiff and Respondent,

v.

Briant S. JACOBS et al., Defendants and Appellants.

No. 9949.

Supreme Court of Utah.

Dec. 22, 1964.

168

M. V. Backman, Glen E. Fuller, Salt Lake City, Richard M. Taylor, Spanish Fork, for appellants.

A. Pratt Kesler, Atty. Gen., Robert S. Campbell, Jr., Sp. Asst. Atty. Gen., Salt Lake City, for respondent.

CALLISTER, Justice.

The State of Utah, by and through its highway commission, condemned property

belonging to the defendants. The latter appeal from a judgment, based upon a jury verdict, awarding them $16,000 in damages as compensation for the condemned tract of land.

The subject tract is a part of a parcel of land situate in Washington County and adjacent to the city of Washington. It is irregular in shape and contains 33.33 acres.

On September 20, 1962,[1] the State commenced this action by service of summons upon the defendants. At that time the property was zoned by Washington County for agricultural and grazing purposes.

Important in the consideration of this case is the history of the subject tract for a rather short period prior to its condemnation. On June 30, 1960, Israel Nielson and his wife granted to Darrell Hafen, one of the defendants, an option to purchase 185.09 acres of land, which included the property in question. The option agreement was amended on September 10, 1960, and, as amended, provided that the purchase price was $100,000, payable $30,000 in cash, plus $10,000 of stock in Road Runner Inn Corporation (to be formed) and the balance of $60,000 in installments over a 20-year period. It further provided that Hafen, upon exercising the option by paying the $30,000 and stock to the Nielsons, could select 40 acres from the total parcel, and title to the selected 40 acres would be transferred to him.

In June, 1960, Hafen exercised his option and selected a 40-acre tract. This tract was irregular in shape (described in the conveyance to Hafen and associates by metes and bounds) and included, by exact replica, the 33.33 acres to be condemned. It is obvious from the record that Hafen knew in advance what portion of the 185.09 acres the State was going to condemn for its highway right of way. It is also apparent from the record that prior to the option agreement, it was known by the Nielsons and other people in the area that the State contemplated building a new highway through a part of the Nielson property.

Defendants claim that the lower court committed error in that it (1) instructed the jury that the price paid for the tract was immaterial; (2) excluded evidence relating to the proposed development of the property; and (3) excluded evidence regarding the probability of a zoning change.

(1). This contention is without merit. Sales of the subject property, at any time within the reasonable past, are relevant and admissible.[2] However, the $40,000 (cash and stock) paid to the Nielsons by Hafen had no relation to the value of the 33.33 acres selected. It was a down payment on the purchase option for the 185.09 acres and could not accurately reflect upon

1. This is the controlling date for valuation purposes. 78-34-11, U.C.A.1953.

2. Weber Basin Conservancy District v. Ward, 10 Utah 2d 29, 347 P.2d 862.

either the condemned tract or the remaining 149.05 acres. Hafen, knowing the exact tract to be condemned, could have selected another 40-acre parcel. The jury was properly apprised of the $100,000 purchase price for the entire 185.09 acres.

(2). Under the facts of the instant case, the court did not err in excluding the proffered evidence relating to the proposed development of the 185.09 acres, including the condemned tract. The defendants offered proof of projected plans to develop a "retirement city" on the property with a golf course, motel and other related commercial facilities.

■■■ In discussing this point, it must be borne in mind that the State did not condemn the entire 185.09 acres, and that the defendants make no claim for any severance damages. The owner of property under condemnation is entitled to a value based upon the highest and best use to which it could be put at the time of the taking, without limitation as to the use then actually made of it.[3] However, the projected use, affecting value, must be not only possible, but reasonably probable.[4] It must not be merely in the realm of speculation because the land is adaptable to a particular use in the remote and uncertain future.[5] In any

event, the admission of such evidence is within the sound discretion of the trial court, which was not abused in this case.

(3). The claimed error predicated on the trial court's refusal to admit evidence of the future removal of zoning restrictions is closely related to the error assigned under (2). There is no doubt that the lower court, in excluding evidence as to prospective uses, was motivated by the fact that said prospective uses were prohibited by the Washington County zoning ordinances in effect at the time of the taking by the State.

■■■ Defendants endeavored to prove the probability of Washington County removing the zoning restrictions or the probability of the property being annexed by Washington City, which had no zoning ordinance.

"Where the enactment of the zoning restriction is not predicated upon the inherent evil of the proscribed use * * * and there is a possibility or probability that the zoning restriction may in the near future be repealed or amended so as to permit the use in question, such likelihood *may* be considered if the prospect of such repeal or amendment is sufficiently likely as to

3. Moyle, et al. v. Salt Lake City, 111 Utah 201, 176 P.2d 882; Kennecott Copper Corp. v. Salt Lake County, 122 Utah 431, 250 P.2d 938; State v. Tedesco, 4 Utah 2d 248, 291 P.2d 1028.

4. People v. Ocean Shore R. R. Co., 32 Cal.2d 406, 196 P.2d 570, 6 A.L.R.2d 1179 (1948).

5. Bd. of Supervisors v. Sherlo Realty, Inc., 32 Misc.2d 579, 224 N.Y.S.2d 244 (1961).

*have an appreciable influence upon present market value."* [6] (Emphasis added.)

In the instant case it was generally known that a part of the Nielson property was to be condemned, and evidently a description of the exact piece to be taken was available. Hafen was able to secure it; so we must presume that a prospective purchaser could do likewise. Thus, in the instant case, the probability of the zoning restrictions being removed would have no appreciable influence upon the market value of the property at the time of the taking.

Affirmed. Costs to plaintiff.

HENRIOD, C. J., and CROCKETT, McDONOUGH, and WADE, JJ., concur.

6. Nichols on Eminent Domain, Vol. 4, § 12,322(1).