415 P.2d 57

**BOARD OF COUNTY COMMISSIONERS OF DONA ANA COUNTY, New Mexico, Petitioner-Appellee,**

v.

Samuel H. VARGAS and Ramona A. Vargas, his wife, Defendants-Appellants.

No. 7827.

Supreme Court of New Mexico.

June 6, 1966.

Boston E. Witt, Atty. Gen., Hadley Kelsey, Joseph L. Droege, William S. Martin, Jr., John C. Worden, Oliver G. Ricketson,

George D. Sheldon, Richard T. Whitley, Sp. Asst. Attys. Gen., Santa Fe, for appellee.

J. D. Weir, J. R. Crouch, Las Cruces, for appellants.

OPINION

CHAVEZ, Justice.

This is an appeal from a condemnation action instituted by petitioner-appellee in accordance with §§ 22–9–39 through 22–9–54, N.M.S.A., 1953 Comp.

At a pre-trial conference, it was determined that the sole issue was the value of 22,493 cubic yards of material taken from appellants' property and used by appellee for fill purposes on a road project. Trial was held and judgment entered awarding appellants ¾¢ per cubic yard for the 22,493 cubic yards taken, a total of $168.70.

Appellants contend that the evidence fails to support the trial court's findings that the type of material taken had been purchased on other occasions for ¾¢ per cubic yard; that comparable material had been obtained for another roadbed project at no cost; that the fair market value of comparable material was ¾¢ per cubic yard; and the trial court's conclusion that ¾¢ per cubic yard was just and complete compensation for the material and the property rights impaired.

The rule is clearly established that we will view the evidence in a light most favorable to the judgment, and that we will not weigh the evidence. Fitzgerald v. Fitzgerald, 70 N.M. 11, 369 P.2d 398. This court has also repeatedly held that where the evidence is conflicting, the conflict will be resolved in favor of the judgment. Utter v. Marsh Sales Company, 71 N.M. 335, 378 P. 2d 374. This court will not disturb facts found by the trial court which are substantially supported by the evidence. Herrera v. C & R Paving Company, 73 N.M. 237, 387 P.2d 339. Also, we have defined "substantial evidence" as such relevant legal evidence as a reasonable person might accept as sufficient to support a conclusion. Wilson v. Employment Security Commission, 74 N.M. 3, 389 P.2d 855.

Robert Ochoa, a man who obtained material for maintenance and construction of roads, testified that he had obtained fill material in Dona Ana County, the place of the instant proceeding, for the state highway department in 1959; that he had made purchases from Stanley Edwards and O. F. Smith of comparable fill material for ¾¢ per cubic yard; that he had purchased a granular material, generally a more expensive material than that taken from appellants' property, for the same price from Susano Herrera. This was evidence as to material comparable to the material taken in the instant condemnation proceeding, which was purchased in the same county

at approximately the same time. Such evidence is properly a foundation for placing a fair market value on the condemned property. See, Jahr, Law of Eminent Domain, Valuation and Procedure, § 137, (1953); 4 Nichols on Eminent Domain, 3d Ed., § 12.311[3]; 1 Orgel on Valuation under Eminent Domain, § 140.

■ The trial court concluded that Mr. Ochoa's testimony was the proper information on which to value appellants' property. The testimony was clear and its consideration proper. We see no reason to disturb the trial court's findings as they are supported by substantial evidence. :

Appellants tendered findings which noted the relatively short distance that the material was hauled to the site of use; the cost of hauling which they placed at 5¢ per cubic yard per mile; and the fact that similar material was not available to appellee within approximately four to six miles. These tendered findings indicate that appellants sought consideration of the value to appellee because of the short hauling distance from appellants' location to the place where the material was used. Appellants admit that appellee did all the hauling of the material and that appellants incurred no such costs.

■ It has long been established that the value of the property taken by eminent domain is not appraised in accordance with any special value to the condemnor. United States v. Chandler-Dunbar Water Power Co., 229 U.S. 53, 33 S.Ct. 667, 57 L.Ed. 1063; United States v. 158.76 Acres of Land, Etc., (2d Cir. 1962), 298 F.2d 559, 92 A.L.R.2d 766; State Through Dept. of Highways v. Hayward, 243 La. 1036, 150 So.2d 6. See also, 3 Nichols on Eminent Domain, § 8.61, n. 95.

Appellants further contend that the trial court erred in refusing their submitted conclusions; that appellants were entitled to compensation based on a market value of not less than 10¢ or more than 47¢ per cubic yard, or, in the alternative, damages based on a replacement cost of 80¢ to 85¢ per cubic yard.

■ This court has clearly adopted the fair market value as a proper measure of compensation for soil taken under an eminent domain proceeding. Board of County Com'rs of Roosevelt County v. Good, 44 N.M. 495, 105 P.2d 470.

Appellants proposed that the court use the replacement cost of the soil taken as a measure of damages. They cite several cases, in which such a measure of damages was selected; however, those cases are trespass actions with the usual overtones of wrongfulness, and are not applicable in an eminent domain proceeding where the power has been properly exercised.

· Appellants cite no authority, and we are unable to find any, directing that the replacement cost of soil, which has an established market value, be used as the measure

**372**

of compensation. To the contrary, market value is the measure of compensation in the usual case. Jahr, supra, § 71; 4 Nichols, supra, § 12.2; 1 Orgel, supra, § 17. We see nothing in the instant case which would prompt us to direct a different measure of compensation.

The judgment of the trial court is affirmed.

It is so ordered.

MOISE and COMPTON, JJ., concur.