417 P.2d 46

STATE of New Mexico ex rel. STATE HIGH-WAY COMMISSION of New Mexico, Petitioner-Appellant,

v.

Raymond PELLETIER and any and all Unknown Owners or Claimants in the Premises herein sought to be Acquired, Defendants-Appellees.

No. 7771.

Supreme Court of New Mexico.

July 18, 1966.

Boston E. Witt, Atty. Gen., Hadley Kelsey, Joseph L. Droege, John C. Worden, Oliver G. Ricketson, George D. Sheldon, Richard T. Whitley, William S. Martin, Jr., George E. McDevitt, Special Asst. Attys. Gen., Santa Fe, for appellant.

Hannett, Hannett & Cornish, H. Vern Payne, Albuquerque, for appellee.

## OPINION

MOISE, Justice.

Appellant-State Highway Commission here appeals from an award of damages to appellee-Pelletier. Involved are two tracts of land referred to by the parties as Tracts 2 and 3. Prior to this condemnation proceeding, Tract 2 was a triangular piece lying south of U. S. Highway 66, containing .283 acres. Tract 2 was totally taken in this proceeding and an award of $2,932.00 made therefor. Tract 3 lay north of the old U. S. Highway 66, and had direct access to both lanes of travel. In this proceeding, .477 acre was taken out of a total of 9.354 acres, leaving 8.877 acres. In addition, direct access to the through highway was cut off. However, the old highway was continued generally in the same position as it was before construction of the four-lane divided highway, and appellee could use it to go either east or west just as he had been able to do before this proceeding was started. Also, access was available to the express lanes via an interchange located some 1700 feet west of appellee's property. The court found that the value of Tract 3 had been reduced by $425.00 because of the taking.

Appellant's first point is directed at the court's refusal to make certain findings requested by it. Without setting them forth, we would note that most, if not all of the requests cover evidentiary matter about which there is no conflict or argument. The only facts which a court is required to find under Rule 52(B) (2) (§ 21–1–1(52) (B) (a) (2), N.M.S.A.1953) are the ultimate facts necessary to support the

judgment. Franklin's Earthmoving, Inc. v. Loma Linda Park, Inc., 74 N.M. 530, 395 P.2d 454. We do not consider the findings requested were either ultimate facts, or material to the decision. Accordingly, it was not error for the court to refuse to make them even though they may have been correct. Middle Rio Grande Conservancy District v. Crabtree, 69 N.M. 197, 365 P.2d 442.

■■ By its second point, appellant asserts error in the court's failure to conclude that appellee was not entitled to any damages by virtue of the interference with access to his property. We find no merit in this argument because we see nothing in the record to indicate that any damages were awarded for this reason. In the first place, decision in the case was reserved by the trial court until after our determination of State ex rel. State Highway Comm. v. Danfelser, 72 N.M. 361, 384 P.2d 241, cert. denied, 375 U.S. 969, 84 S.Ct. 487, 11 L. Ed.2d 416, in which case it was held that compensation was not payable for reasonable intereference with access. Certainly, in the light of that case, and in a situation such as is here present where the facts are even more nearly like those in Board of County Com'rs v. Slaughter, 49 N.M. 141, 158 P.2d 859, no one would suggest that any compensation would be allowed for interference with direct access to the main lanes of travel in the new highway, the old highway being left undisturbed and

available as before. Additionally, it should be noted that the principal part of the award here is for the total taking of Tract 2. Reasonable access being an incident of ownership of land abutting on a road, State ex rel. State Highway Comm. v. Danfelser, supra, an award of damages for a part of the whole would not be proper when the entire tract is taken. Of course, it could be argued that, in awarding $425.00 in the taking of .477 acre, some consideration must have been given to loss of access. However, when a value of approximately $890.00 per acre on Tract 3 is compared to a value of some $10,360.00 per acre on Tract 2 where, as already noted, there could be no question of deprivation of access or damages therefor, we do not consider that any error was present in refusing the conclusions requested.

In appellant's third point, an attack is made on the testimony as to value of the expert witness presented by appellee, and error is claimed in the trial court's refusal to strike the same. Argument is made concerning claimed patent errors in the testimony of this witness. It is asserted that the expert's testimony is based on a mistaken idea as to the dimensions of Tract 2; an incorrect view of the availability for business purposes of other lands adjacent to the highway; a juggling of per acre and front foot criteria in arriving at value; as well as a misconception of the proper application of the rules for arriving at value

for condemnation purposes. The misunderstanding of the appraiser is further described as resulting in errors in (1) the application of the principle of the highest and best use; (2) considering appellee's purposes when he purchased the property; (3) incorrectly applying appraisal methods; and (4) using a front foot method of valuation under the facts of this case.

The difficulty with appellant's position is two-fold. In the first place, no proper attack is directed as required by our rules at the findings of fact made by the trial court, wherein the damages already noted were found. In the absence of such an attack, the findings of the trial court are the facts upon which the appeal must be determined. Hopkins v. Martinez, 73 N. M. 275, 387 P.2d 852; Huthison Lumber Co. v. Boney, 72 N.M. 194, 382 P.2d 525; White v. Wheeler, 67 N.M. 346, 355 P.2d 282. The requested findings discussed above, and the point made in connection with their refusal, are in no sense a substitute for the requirement of a direct attack.

Equally serious is appellant's failure to raise in the trial court and to invoke a ruling on some of the issues here attempted to be presented. It is the rule in this court, oft repeated, that except for jurisdictional matters, issues not urged in the trial court may not be raised for the first time on appeal. Roseberry v. Phillips Petroleum Co., 70 N.M. 19, 369 P.2d 403.

Only two issues argued under this point were presented below, viz., should loss of access and the owner's purposes in purchasing the property be considered as an element of damages? The first of these matters is disposed of by what we have said above. The second we now consider.

We quote the following from Transwestern Pipe Line Company v. Yandell, 69 N.M. 448, 454, 367 P.2d 938, 942, concerning the correct measure of damages in a condemnation proceeding:

"In arriving at the proper amount of compensation to be allowed in condemnation proceedings, this court has said that the correct measure of damages is the difference in the value of the property immediately before the taking and the value of the property immediately after the taking, the owner being entitled to the difference in these sums, in addition to a recovery for the various elements of damage to the remaining land not taken but injuriously affected. City of Tucumcari v. Magnolia Petroleum Co., 57 N.M. 392, 259 P.2d 351; Board of County Com'rs of Santa Fe County v. Slaughter, 49 N.M. 141, 158 P.2d 859; 38 A.L.R.2d p. 790; 29 C.J. S. Eminent Domain § 139; that where the taking results in benefit to the lands not taken, then the benefits are to be offset against the damages. Board of Com'rs of Dona Ana County v. Gard-

ner, 57 N.M. 478, 260 P.2d 682; that where there are no benefits and no consequential damages as a result of the taking, then the correct measure of damages is the reasonable market value of the land taken. Middle Rio Grande Conservancy District v. Crabtree, 69 N.M. 197, 365 P.2d 442. These rules have been followed by this court in cases involving condemnations of land in fee. * * * "

■ We have recently held that special advantages or value to the condemnor of the property taken was not a proper consideration in arriving at an award of damages to an owner. Board of County Com'rs of Dona and Ana County v. Vargas, 76 N.M. 369, 415 P.2d 57. The problem we are here called upon to consider is whether planned uses or future possible uses contemplated when the property was acquired by the owner, and special elements of value incident to location, are proper considerations in arriving at value.

■ As stated above, we recognize that the compensation to which an owner is entitled is an amount sufficient to cover his loss—that is, to make him whole and fully indemnify him. 4 Nichols on Eminent Domain, § 12.22. When there is a ready market for the property, market value should be utilized to arrive at the correct amount without need to consider values peculiar to the owner. 4 Nichols on Eminent Domain, § 12.22 [2].

■ The following, copied from 4 Nichols on Eminent Domain, § 12.314, is deemed pertinent:

"The essential inquiry, it has been held, must be what is the property worth in the market, viewed not merely with reference to the uses to which it is at the time applied, but with reference to the uses to which it is plainly adapted; that is to say, what is it worth from its availability for valuable uses. Property is not to be deemed worthless because the owner allows it to go to waste, or to be regarded as valueless because he is unable to put it to any use. Others may be able to use it, and make it subserve the necessities or conveniences of life. Its capability of being made thus available gives it a market value which can be readily estimated. So many and varied are the circumstances to be taken into account in determining the value of property condemned for public purposes, that it is perhaps impossible to formulate a rule to govern appraisement in all cases. Exceptional circumstances will modify the most carefully guarded rule; but as a general thing, it may be said that the compensation to the owner is to be estimated with reference to the uses for which the property is suitable, having regard to the existing business or wants of the community, or such as may be reasonably expected in the immediate future."

In the instant case, the appraiser assumed that the owner purchased the property for use in a commercial venture and, accordingly, the appraiser considered this as an element in fixing the value. He stated he could not conceive of any other reason for buying 10 acres, divided by a highway, at this location. Also, it was brought out that there were no other lands open to such use in the immediate area, due to Indian ownership in one direction and lava beds on both sides of the road in the other. Under the circumstances, was it proper to receive evidence of value in which consideration was given by the appraiser to future plans for development, and the highest and best use to which the property could be put, but for which it had not been used in the past? Very close to the instant case on its facts is State By and Through Road Commission v. Woolley, 15 Utah 2d 248, 390 P.2d 860, 862, from which we quote:

"The State also claims prejudicial error because Mr. Woolley, the owner of the property, in testifying as to how he arrived at what he considered its value, was allowed to testify he bought the land for investment purposes; that through his own knowledge in leasing service stations and from information he received in contacting oil companies interested in obtaining service stations, he was of the opinion that the portion of his property which was adjacent to the highway for a distance of about 250 feet, and which had a depth of 145 feet was worth $30,000 because it was located near the Utah-Wyoming State line. He further testified that he had the property close to the State line surveyed in 1956 for the purpose of erecting a service station thereon but was prevented by the State from proceeding. He also testified that the property located close to the Wyoming-Utah State line was also particularly valuable because of the price differential in gasoline in those two states due to the differences in laws which had been in existence for at least 10 years.

"The court did not err in allowing the owner to testify to the above facts. These were all factors which a prudent buyer of land would consider in arriving at a value. The location of the land and its peculiar value because of such location, which made it especially valuable for commercial usage such as a service station, were relevant for a proper determination of the best use to which the property could be put. * * *"

See also, Arkansas Louisiana Gas Company v. Morehouse Realty Company, Inc. (La. App.1961) 126 So.2d 830; Jeffery v. Osborne, 145 Wis. 351, 129 N.W. 931; Ruth v. Department of Highways, 145 Colo. 546, 359 P.2d 1033; State Highway Comm. v. Morehouse Holding Company, 225 Or. 62, 357 P.2d 266. See also, 4 Nichols on Eminent Domain, §§ 12.3142 [2] and [3]; 1 Orgel on Valuation under Eminent Domain,

**562**

§§ 29, 30; compare Board of Com'rs of Roosevelt County v. Good, 44 N.M. 495, 105 P.2d 470.

For the reasons stated, we find no error in the court's denial of the motion to strike the expert's evidence on the grounds advanced in the trial. This was not a jury trial, and the evidence was admissible within the sound discretion of the judge. State By and Through Road Commission v. Jacobs, 16 Utah 2d 167, 397 P.2d 463. We would, however, add a word of caution. The projected use to be considered as an element in arriving at value should be not only possible, but reasonably probable. It must not be based upon mere speculation that at some time in the distant and remote future a particular use might be made of the property. Fitzgerald v. Fitzgerald, 70 N.M. 11, 369 P.2d 398; State v. Jacobs, supra; Popwell v. Shelby County, 272 Ala. 287, 130 So.2d 170, 87 A.L.R.2d 1148; 4 Nichols on Eminent Domain, § 12.-3142 [2]; 1 Orgel on Valuation under Eminent Domain 267, § 59.

We see no reversible error in the trial court's failure to strike the testimony of the expert.

It follows that the judgment appealed from should be affirmed.

It is so ordered.

CHAVEZ and NOBLE, JJ., concur.