## MARVEL *v.* MERRITT, Collector.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE
SOUTHERN DISTRICT OF NEW YORK.

Argued November 23, 1885.—Decided December 14, 1885.

Iron ore is subject to the duty of twenty per centum *ad valorem* imposed by
Rev. Stat. § 2504 upon "Mineral and bituminous substances in a crude
state not otherwise provided for."

The facts are stated in the opinion of the court.

*Mr. B. F. Lee* for plaintiff in error submitted on his brief.

*Mr. Solicitor-General* argued on behalf of defendant in
error.

Mr. Justice Matthews delivered the opinion of the court.

The plaintiff in error brought his action to recover duties
paid by him and exacted, as he claims, in excess of those im-
posed by law, upon certain quantities of iron ore imported by
him into the port of New York in 1879.

The single question involved in the suit arose under the
Tariff Act of 1874, being Title XXXIII, Rev. Stat.

The plaintiff was assessed and compelled to pay a duty of
20 per centum *ad valorem* on his importations as coming
within the provision in Schedule M, Sundries, Rev. Stat.
§ 2504, for "mineral and bituminous substances in a crude
state not otherwise provided for." He claimed that iron ore
was dutiable upon a proper classification as "an unmanufact-
ured article not herein enumerated or provided for," and sub-
ject only to a duty of ten per cent. *ad valorem*, under the
provisions of Rev. Stat. § 2516.

On the trial below, the plaintiff offered evidence to show
that iron ore was known to the trade commercially only under
that name, and that scientifically considered it was a metallic
and not a mineral substance, but the offer was rejected by the
court. It was proven that iron ore was not a bituminous sub-
stance.

The court instructed the jury, there being no disputed question of fact arising upon the evidence as admitted, to return a verdict for the defendant. Judgment was rendered thereon accordingly, to reverse which this writ of error has been brought.

The Tariff Act of 1874, Rev. Stat. Title XXXIII, under which this case arises, does not expressly enumerate iron ore as the subject of duty. It is not on the free list, and is to be found, if at all, classified under some general description. The language in Schedule M, Sundries, Rev. Stat. 2d Ed. 478, is: "Mineral and bituminous substances in a crude state, not otherwise provided for, twenty per centum *ad valorem*." This is to be taken distributively, so as to cover all substances within the description, whether mineral or bituminous, or both, and is not to be confined to those which combine both characters.

The words used are not technical, either as having a special sense by commercial usage, nor as having a scientific meaning different from their popular meaning. They are the words of common speech, and, as such, their interpretation is within the judicial knowledge, and, therefore, matter of law. Webster, in his Dictionary, defines the noun *mineral* as "any inorganic species having a definite chemical composition," and *ore* as "the compound of a metal and some other substance, as oxygen, sulphur, or arsenic, called its *mineralizer*, by which its properties are disguised or lost." The word *mineral* is evidently derived from *mine*, as being that which is usually obtained from a *mine*, and, accordingly, Webster defines the latter as "a pit or excavation in the earth from which metallic ores or *other mineral substances* are taken by digging, distinguished from the pits from which stones only are taken and which are called quarries."

The importations of iron ore in question, therefore, were properly subjected to a duty of twenty per centum *ad valorem*, as a mineral substance in its crude state not otherwise provided for. The judgment of the Circuit Court is accordingly

*Affirmed.*