NIX *et al. v.* HEDDEN.

*(Circuit Court, S. D. New York.* May 14, 1889.*)*

1. CUSTOMS DUTIES—CONSTRUCTION OF STATUTES.
   Where the words in a statute imposing duties on imported merchandise are not technical, their interpretation is a matter of law for the court. Following *Marcel* v. *Merritt,* 116 U. S. 11, 6 Sup. Ct. Rep. 207.

2. SAME.
   The legislature must be presumed to have chosen language with regard to those for whom it is designed to constitute a rule of commerce, viz., the community at large. Following *Arthur* v. *Morrison,* 96 U. S. 108.

3. SAME—PRESUMPTIONS.
   In the absence of proof that words have a different acceptation in other parts of the country from that which they have in the district where the court is sitting, it will be assumed that the use of the words is the same throughout the community at large.

4. SAME—CLASSIFICATION—TOMATOES.
   In the common and popular acceptation of the words, the term "vegetables" includes "tomatoes," and the term "fruits" does not.

5. SAME.
   Tomatoes imported from Bermuda are not free of duty by virtue of the provision in the free list for "fruits, green, ripe, or dried," but are dutiable at 10 per cent. under the provision in Schedule G of the tariff act of March 3, 1883, for "vegetables in their natural state."

At Law.

This was an action against a former collector of the port of New York to recover duties alleged to have been improperly exacted. The plaintiffs in the spring of 1886 imported tomatoes from the island of Bermuda. The collector classified them as "vegetables in their natural state," and assessed them for duty at 10 per cent. under the provision therefor in Schedule G of the tariff act of March 3, 1883. The importer protested, and claimed that by virtue of the provision in the free-list of the same act for "fruits, green, ripe, or dried," they were exempt from duty. This suit was brought to recover the duties exacted. Upon the trial the

plaintiffs, having adduced the testimony of various importers and dealers to the effect that the words "fruits" and "vegetables" had no other or different meaning in trade and commerce from their ordinary and popular meaning, and having put in evidence the definition of the terms "fruit," "vegetables," and "tomatoes" from Webster's, Worcester's, and the Imperial Dictionaries, rested their case. The defendant put in evidence from Webster's Dictionary the definitions of the terms "beans," "peas," "cucumbers," "peppers," "egg-plant," and "squash," and then moved for the direction of a verdict in his favor on the ground that, according to the common and popular meanings of the terms "fruits" and "vegetables," tomatoes belonged to the latter, and not to the former, class.

*Comstock & Brown* and *Stephen G. Clarke*, for plaintiffs.

*Stephen A. Walker*, U. S. Atty., and *W. Wickham Smith*, Asst. U. S. Atty., for defendant.

LACOMBE, J., (*orally.*) In *Marvel* v. *Merritt*, 116 U. S. 11, 6 Sup. Ct. Rep. 207, the principle is laid down that where the words used in a tariff act are not technical, either as having a special sense by commercial usage, or as having a scientific meaning different from their common meaning, they are the words of common speech, and as such their interpretation is within the judicial knowledge, and therefore matter of law. That case was one touching minerals, and the same rule must apply to vegetables. In *Arthur* v. *Morrison*, 96 U. S. 108, the proposition is laid down that when the legislature adopts such language to define and promulgate their action the just conclusion must be that they not only themselves comprehend the meaning of the language, but choose it with regard to those for whom it is designed to constitute a rule of commerce, namely, the community at large. The community at large, of course, are the people of the United States. In the absence, however, of any evidence tending to show a different acceptation of words elsewhere than what we find in the community residing in this particular district, or of any knowledge on the part of the court that there is such different acceptation, it will be assumed that the use of the words is the same throughout the community at large. With regard to this particular community, the word "vegetable," in its popular and received meaning, is used to cover a class of articles which includes tomatoes, and the word "fruit," irrespective of what the dictionaries may lay down as to its botanical or technical meaning, is not in common speech used to cover tomatoes. For these reasons I shall direct a verdict in favor of the defendant.

The jury found a verdict for the defendant as directed by the court.