(C. D. 108)

F. E. WALLACE & Co. v. UNITED STATES

United States Customs Court, First Division

(Decided February 23, 1939)

*James W. Bevans* for the plaintiffs.
*Webster J. Oliver*, Assistant Attorney General (*Marcus Higginbotham, Jr.*, special attorney), for the defendant.

Before McCLELLAND, SULLIVAN, and BROWN, Judges

McCLELLAND, Presiding Judge: This protest is directed against the refusal of the collector of customs at the port of New York to allow drawback on the exportation of caustic soda claimed to have been produced with the use of domestic rock salt in quantities equal to quantities of the same material imported by the producer. The section of the Tariff Act of 1930 relied upon by the plaintiffs is section 313 (b), which reads as follows:

SEC. 313. DRAWBACK AND REFUNDS.

\* \* \* \* \* \* \*

(b) SUBSTITUTION FOR DRAWBACK PURPOSES.—If imported duty-paid sugar or nonferrous metal, or ore containing nonferrous metal, and duty free or domestic merchandise of the same kind and quality are used in the manufacture or production of articles within a period not to exceed one year from the receipt of such imported merchandise by the manufacturer or producer of such articles, there shall be allowed upon the exportation (or shipment to the Philippine Islands) of any such articles, notwithstanding the fact that none of the imported merchandise may actually have been used in the manufacture or production of the exported articles, an amount of drawback equal to that which would have been allowable had the sugar or nonferrous metal, or ore containing nonferrous metal, used therein been imported; but the total amount of drawback allowed upon the exportation of such articles, together with the total amount of drawback allowed in respect of such imported merchandise under any other provision of law, shall not exceed 99 per centum of the duty paid on such imported merchandise.

We are satisfied from the record that plaintiffs have established the facts of importation, manufacture with the use of substituted domestic material of the same kind and quality as that imported, and exportation of the manufactured product within one year from the receipt of the imported merchandise, and also compliance with the customs regulations relating to drawback. The only question remaining for

determination is whether or not rock salt is an ore containing a non-ferrous metal within the meaning of that term as used in section 313 (b), *supra*.

It may be stated that there does not seem to be any serious dispute but that rock salt contains sodium, and that sodium is a nonferrous metal.

The issue therefore narrows down to the meaning of the word "ore" as used in the statute, *supra*, and whether or not rock salt responds to that meaning. A reading of section 313 (b), *supra*, leads to the conclusion that the word "ore" was not used therein in any technical sense. It is a word in common use, and there being nothing to show that it has a commercial meaning different from the common meaning thereof the meaning to be ascribed to it is its natural, plain, ordinary, and commonly understood meaning. It is well settled that the interpretation of words in common speech is within the judicial knowledge and therefore is matter of law. *Marvel* v. *Merritt*, 116 U. S. 11. It is likewise well settled that the court may refer to dictionary definitions, not as evidence establishing or controverting an issuable fact, but as aids to the memory and understanding of the court. *Nix* v. *Hedden*, 149 U. S. 304.

Upon resort to lexicographers, therefore, we find that "ore" is defined in Webster's New International Dictionary as—

a. A native compound containing one or more metals; sometimes, also, a native metal or even a valuable native nonmetal, as sulphur.

b. *Mining.* Any material containing valuable metallic constituents for the sake of which it is mined and worked; as, cinnabar is an *ore* of mercury; gold-bearing quartz is a gold *ore;* also, material mined and worked for nonmetals; as, pyrites is a sulphur *ore.*

and in the Century Dictionary as—

A metalliferous mineral or rock, especially one which is of sufficient value to be mined.

To the same general effect are the definitions referred to by plaintiffs' witnesses Ralph C. Snowden, chief chemist of the plaintiff corporation, and Daniel B. Jackson, head of the Department of Engineering at Columbia University, from a work entitled "Economic Geology" by Heinrich Ries, stated to be a standard authority on the subject of ores. These definitions are as follows:

The term "ore deposits" is applied to concentrations of economically valuable metalliferous minerals found in the earth's crust, while under the term "ore" are included those portions of the ore deposit of which the metallic minerals form a sufficiently large proportion and are in proper combination to make their extraction possible and profitable.

Both of these witnesses testified that sodium can be and is profitably extracted for commercial purposes from rock salt.

It will be observed that running through all of these definitions is the thought that ores are extracted from the earth by some form of mining. This is in accordance with our understanding of the term. The importance of this observation lies in the fact that it is a matter of common knowledge of which the court may take judicial notice that salt is obtained both by mining and by evaporation of brine from sea water, salt lakes, etc. We are of the opinion and so hold that mined salt, i. e. rock salt, as distinguished from brine salt, falls within the meaning of the term "ore."

If the contention of the defendant that rock salt is not an ore had any real basis in fact it would seem as though it should have been possible to offer evidence in support thereof, but since no such evidence was offered we think we are justified in assuming that it was not available.

It appears from the record that the salt imported and that used in the production of the exported caustic soda was rock salt. The decision of the collector denying drawback of the duties paid on the rock salt in question is therefore reversed, and the protest is sustained.

Judgment will issue accordingly.