**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Antonio O. GODINEZ, Dantzler Lumber & Export Co., Defendants–Appellants.**

**No. 89–5881.**

United States Court of Appeals,
Eleventh Circuit.

Jan. 30, 1991.

Ellen L. Cohen, Asst. U.S. Attys., Miami, Fla., for plaintiff-appellee.

Before TJOFLAT, Chief Judge, DUBINA, Circuit Judge, and PECK *, Senior Circuit Judge.

JOHN W. PECK, Senior Circuit Judge:

Appellants appeal from their jury convictions for falsely classifying imported goods in violation of 18 U.S.C. § 541 and making false statements in connection with imported goods in violation of 18 U.S.C. § 1001. For the reasons stated below, we affirm these convictions.

### FACTS

Appellant Godinez is the president and chief executive officer of Appellant Dantzler Lumber & Export Company. This case involves twelve shipments of plywood that Appellants imported from Latin America between November 15, 1984 and October 28, 1986. The face of the imported plywood was faveira or white virola, a trade name for a group of woods originating from deciduous trees. Appellants' position is that the plywood is made from softwood on which no import duty is owed. Appellant Godinez sent telexes to his suppliers specifying that the plywood should be described as softwood on the invoice that would accompany the shipments through Customs.

Most of the shipments entered the country under the Customs by-pass system. Under this system, shipments usually are not physically inspected. Customs officers make determinations approving the entry of materials based on the information on invoices and entry forms. However, in April 1986, one of Appellants' shipments was spot-checked. Customs determined that the plywood should have been classified as dutiable hardwood veneer plywood because the face of the plywood was made

Thomas E. Fotopulos, Fotopulos, Spridgeon & Perez, P.A. and Hugh N. Smith, Smith & Fuller, P.A., Tampa, Fla., for defendants-appellants.

Dexter W. Lehtinen, U.S. Atty., Linda Collins Hertz, Lynne W. Lamprecht, and

* Honorable John W. Peck, Senior U.S. Circuit Judge for the Sixth Circuit, sitting by designation.

from deciduous trees. Appellants were indicted and convicted by a jury of falsely classifying imported goods and making false statements in connection with imported goods. They were fined a total of approximately $100,000. Appellants appeal their convictions on several grounds.

## DEFINITION OF SOFTWOOD

■■■ The trial court instructed the jury that for purposes of the Customs tariff, "softwood" meant "wood from a coniferous tree." Appellants contend that the meaning of softwood is an issue of fact and that the trial court erred in instructing the jury on its meaning as a matter of law. Appellants note that the plywood section of the tariff does not contain a definition of softwood. In the absence of evidence to the contrary, the meaning of a tariff term is presumed to be the same as its common or dictionary meaning. *Rohm & Haas Co. v. United States*, 727 F.2d 1095, 1097 (Fed. Cir.1984). Appellants rely on the Random House Unabridged Dictionary for the definition of softwood as any wood that is "relatively soft or easily cut" and argue that white virola and faveira fit this description. Furthermore, Appellants argue that a party seeking to establish a commercial meaning different than the common meaning must prove a commercial designation that is "definite, uniform, and general throughout the trade." *Id.* This commercial designation, they argue, is a question of fact. *Id.*

■■■ We cannot agree with Appellants' argument. It is well-settled that the common meaning of a tariff term is a question of law. *Marvel v. Merritt*, 116 U.S. 11, 12, 6 S.Ct. 207, 208, 29 L.Ed. 550 (1885); *United States v. Standard Surplus Sales, Inc.*, 69 CCPA 34, 667 F.2d 1011, 1013 (1981). In interpreting a tariff term, a court may rely on its own understanding of the term or assist its understanding with "works of standard lexicographers, scientific authorities, the testimony of witnesses, or by such other means as may be available." *Standard Surplus Sales*, 667 F.2d at 1013. Thus, the district court did not err in relying on a definition in another section of the tariff and the testimony of Government witnesses to determine that "softwood" means the wood of coniferous trees as a matter of law. While a definition in one section of the tariff is not controlling in another section, it is indicative of a well-established common meaning and congressional intent with regard to the term. Accordingly, we affirm the trial court's ruling on this issue.

## LIQUIDATION OF ENTRIES

■■■ Liquidation is the process of determining and assessing the amount of duty owed on imported goods. Appellants argue that the plywood was liquidated with a classification of duty-free softwood and this liquidation is final and conclusive even against the Government unless it is reliquidated within the time periods set out at 19 U.S.C. §§ 1514(a), 1520(c), and 1521. Under § 1514(a), with limited exceptions, a liquidation is final and conclusive on all parties including the United States unless a protest is filed within ninety days. Section 1520(c) provides that an entry may be reliquidated to correct "a clerical error, mistake of fact, or other inadvertence not amounting to an error in the construction of the law, adverse to the importer" within one year after the liquidation. If there is probable cause to believe there is fraud in the case, § 1521 allows Customs to reliquidate an entry within two years after the date of liquidation or last reliquidation.

At the time of the indictment, more than two years had passed since the date of all liquidations in question. Therefore, Appellants urge that the Government is bound by the duty-free softwood classification. Furthermore, based on an analogy to a criminal prosecution for tax evasion, Appellants argue that reliquidation to provide a valid duty assessment is a condition precedent to criminal prosecution. *See, United States v. England*, 347 F.2d 425, 430 (7th Cir.1965) (proof of valid tax assessment is essential element of tax evasion case). Appellants also complain that the trial court erred in refusing to permit expert testimony on liquidation and failing to instruct the jury on liquidation.

What Appellants' argument overlooks is that 19 U.S.C. §§ 1514(a), 1520(c), and 1521 apply to administrative rather than criminal matters. Appellants were prosecuted under 18 U.S.C. § 541 which is governed by a five year statute of limitations. 18 U.S.C. 3283. Thus, congressional intent seems clear that fraud in entry may be remedied by reliquidation or resort to criminal statutes with a longer statute of limitations. Furthermore, Appellants' reliance on a tax evasion analogy is misplaced. The crime charged here is not evasion of duty, but falsity in statements regarding the classification of imported goods. Thus, the analogy fails. Because the liquidation statutes are not relevant to this criminal prosecution, we conclude that the trial court did not err in rejecting Appellants' expert testimony and jury instructions on liquidation.

## SUFFICIENCY OF THE EVIDENCE

■■ Appellants also assert that the evidence was insufficient to sustain their convictions. A conviction under 18 U.S.C. § 1001 requires proof of five elements: "(1) a statement, (2) falsity, (3) materiality, (4) specific intent, and (5) agency jurisdiction." *United States v. Gafyczk*, 847 F.2d 685, 690 (11th Cir.1988) (quoting *United States v. Lawson*, 809 F.2d 1514, 1517 (11th Cir.1987)). Appellants argue that the Government failed to sufficiently prove that they made a false statement and their intent to do so. Appellants introduced evidence that in the exporting countries, the classification of wood as hard or soft depends on the density of the wood. In those countries, white virola and faveira are considered softwoods. Appellants note that 19 U.S.C. § 1481(a)(3) requires that invoices for imported goods must include a detailed description of the merchandise under which it is sold in the exporting country. Appellant Godinez admits that he assisted his foreign suppliers in the terminology on the invoices, but argues that the description of the plywood as softwood *is a true state*ment in the exporting country. Therefore, Appellants urge that there is no proof of a false statement or that they had the intent to do anything but comply with the importation statutes. Furthermore, Appellants

argue that the Customs brokers actually selected the classifications, pointing out that there is no evidence that Appellants exerted any influence over the brokers.

■■ The standard of review for sufficiency of the evidence is whether a reasonable trier of fact could find that the evidence established guilt beyond a reasonable doubt. *United States v. Sanchez*, 722 F.2d 1501, 1505 (11th Cir.), *cert. denied*, 467 U.S. 1208, 104 S.Ct. 2396, 81 L.Ed.2d 353 (1984). The evidence must be viewed in the light most favorable to the Government. *Id.* We find the evidence in this case to be sufficient to sustain Appellants' convictions.

With regard to falsity, the trial court ruled as a matter of law that "softwood" meant wood from a coniferous tree. Government witnesses testified that this was the common definition in the plywood trades. The trees from which virola and faveira originate are hardwoods under the definition supplied by the court. Therefore, Appellants' description of the plywood as softwood was false.

Intent is demonstrated by evidence that Godinez knew that the plywood was dutiable, but deliberately took steps to have the shipments misclassified. Godinez was the co-owner of a Puerto Rican lumber company that had previously imported white virola and paid import duty on it. Godinez also instructed one of Dantzler's employees to check with a Customs import specialist in Puerto Rico about the correct classification of the plywood. The import specialist confirmed that the correct classification was as a dutiable hardwood. Notwithstanding this knowledge, Godinez drafted telexes to Dantzler's suppliers specifying that the term "softwood" to be used on the invoices. In a 1984 telex to a supplier, Godinez stated explicitly that the softwood terminology was necessary "so that we do not have to pay duty on merchandise." Thus, the evidence is sufficient to show intent.

Finally, Appellants attempt to blame the customs brokers for misclassifying the goods. This argument is disingenuous because the customs brokers based the classi-

756

fications on the information provided on the commercial invoices. Godinez personally had dictated the invoice description to his suppliers. Furthermore, when one customs broker correctly classified the plywood as hardwood, Godinez instructed the broker to apply to Customs for a refund. We therefore decline to disturb the verdict of the jury.

18 U.S.C. § 541 makes it illegal to effect the entry of goods into the United States by a false classification. Appellants assert that the evidence is insufficient to support their convictions on this charge because the Government failed to prove that the plywood entered the country. Under 19 C.F.R. § 141.0a (a) and 142.3, entry requires the filing of several documents including a commercial invoice, a packing list, bill of lading, and Customs Form 3461. The Government did not introduce any evidence regarding Customs Form 3461 for any of the shipments. Furthermore, the jury was not instructed on the definition of entry in the C.F.R. despite Appellants' request for one. Additionally, Appellants challenge the legality of the by-pass system because certain duties specified in the C.F.R., such as appraisal of the goods by a customs officer, are not performed. Appellants conclude that these duties are an integral part of the entry process and without them the entry cannot be complete.

Appellants' claim is unsubstantiated by the record. Numerous documents, including entry forms, commercial invoices, bills of lading, and packing lists, were entered into evidence for the shipments in question. Furthermore, the evidence showed that the plywood physically entered the country and was sold here. Thus, the evidence was sufficient to prove entry regardless of the procedures employed by Customs. We agree with the trial court that a special jury instruction on the term "entry" was not necessary. The plain meaning of the word is apparent.

## CONCLUSION

Appellants raised several other issues on appeal. Each of these contentions has been given careful consideration and found to be without merit. Accordingly, Appellants' convictions are AFFIRMED.